UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD PLOTZKER, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:01-CV-1633 (CEJ) |
| | ) |
| BRADLEY J. WASHBURN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to dismiss plaintiff's complaint, pursuant to Rule 41(b). Plaintiff has not responded and his time for doing so has expired.

On February 22, 2005, defendants filed a motion for summary judgment. Defendants' counsel assert that on that date they mailed two complete copies of the motion to plaintiff, one by priority mail, and one by certified mail. The packages containing the motion, memorandum, and exhibits were returned to counsel on March 19, 2005, with a notation from the U.S. Postal Service indicating that they were unclaimed by the addressee, the plaintiff. In a document filed on March 30, 2005, plaintiff stated that he had not received a copy of the summary judgment motion. On April 19, 2005, the Court entered an order, noting that defendants made a good faith effort to deliver their summary judgment motion to plaintiff, and stating:

> In the interest of expediting the briefing of the issues raised in the defendants' summary judgment motion, the Court will direct the defendants once again to send plaintiff, by certified mail, return receipt requested, copies of their

summary judgment motion, memorandum, and exhibits. . . .
Plaintiff must collect the items mailed to him within the time
required by the post office.  Plaintiff's failure to comply,
without good cause, will result in dismissal of this action,
with prejudice, pursuant to Rule 41(b), Fed.R.Civ.P.

Neither opposing counsel nor the Court will bear
responsibility for plaintiff's inability to obtain mail that
is properly addressed to him.  Instead, it is plaintiff's duty
to resolve any difficulties he has with respect to mail
service.  As noted above, plaintiff's failure to fulfill this
duty may result in dismissal of his case.

On April 20, 2005, pursuant to the Court's directive, the defendants mailed another set of the summary judgment motion documents to plaintiff. These were returned as unclaimed on May 7, 2005, and delivered to defendants' counsel in St. Louis on May 14, 2005.[1]

Plaintiff asserts that he has never received the motion for summary judgment. He offers no credible explanation for his inability to obtain mail properly addressed to him. His failure to resolve his difficulties with mail service has delayed resolution of this matter and wasted judicial resources. Based upon plaintiff's failure to comply with court orders, the Court concludes that dismissal is appropriate. See Rule 41(b), Fed. R.Civ.P.

---

[1] Defendants filed photocopies of the mailing envelope, showing the mailing label, certified mail receipt, and postage meter stamp. The meter stamp indicates that these items were sent on April 20, 2004, a full year before the order was entered. Defendants acknowledge that the stamp machine is in error. In any event, the United States Postal Service website shows that the package bearing the certified mail tracking number was delivered in St. Louis on May 14, 2005.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#72] is **granted**.

**IT IS FURTHER ORDERED** that this matter is dismissed, with prejudice, pursuant to Rule 41(b), Fed.R.Civ.P.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of August, 2005.